**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GORDIUM INNOVATIONS LLC,<br>Plaintiff,<br>v.<br>STANDARD MICROSYSTEMS CORPORATION,<br>Defendant. | Civil Action No. ____________<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF GORDIUM INNOVATIONS LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Gordium Innovations LLC ("Gordium" or "Plaintiff"), for its Complaint against defendant Standard Microsystems Corporation ("Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**THE PARTIES**

2. Plaintiff Gordium is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219.

3. Upon information and belief, Defendant Standard Microsystems Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business at 80 Arkay Drive, Suite 100, Hauppauge, NY 11788.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6. Upon information and belief, Defendant regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district including, *inter alia*, selling and offering to sell infringing products and services in this judicial district.

7. Upon information and belief, Defendant has ongoing and systematic contacts with this judicial district and the United States. In particular, Defendant is incorporated in Delaware.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,385

9. The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10. On February 24, 2004, U.S. Patent No. 6,697,385 ("the '385 Patent"), entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-timing in Network Repeater Hubs," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '385 Patent is attached as Exhibit A to this Complaint.

11. Gordium is the assignee and owner of the right, title and interest in and to the '385 Patent, including the right to assert all causes of action arising under the '385 Patent and the right to any remedies for its infringement.

12. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '385 Patent by making, using, selling and/or offering for sale in the United States, including in this Judicial District,

networking products capable of providing features claimed in at least claims 1-6 and 14 of the ’385 Patent (“the ’385 Accused Products and Services”), without the authority of Gordium.

13. The ’385 Accused Products and Services include, but are not limited to, the LAN9311 Ethernet Switch, the LAN9312, the LAN9313, the LAN89303, and the LAN9303, LAN9303M.

14. Upon information and belief, Defendant had knowledge of the ’385 Patent at least as early as the filing of this complaint.

15. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of one or more claims of the ’385 Patent under 35 U.S.C. § 271(c) by selling, offering to sell, and/or importing products including the ’385 Accused Services and Products for the ’385 Patent, knowing or willfully blind, at least as of the date of the filing of this complaint, to the fact that these products and service constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the ’385 Patent, and have no substantial non-infringing uses.

16. Upon information and belief, Defendant has induced and continues to induce others to infringe one or more claims of the ’385 Patent under § 271(b) by, among other things, and with specific intent, actively and knowingly, at least as of the date of the filing of this complaint, aiding and abetting others to infringe, including, but not limited to Defendant’s customers whose use of the ’385 Accused Services and Products constitutes direct infringement of at least claims 1-6 and 14 of the ’385 Patent. In particular, Defendant acted and continues to act with specific intent to make others, such as its customers, infringe by advertising and selling products and providing instruction manuals showing infringing uses of the products and services.

On information and belief, Defendant engaged in, and continues to engage in, such actions with specific intent to cause infringement or with willful blindness to the resulting infringement.

17. Because of Defendant's infringing activities, Gordium has suffered damages and will continue to suffer damages in the future.

18. Defendant has had notice of infringement of the '385 Patent at least as of the date of the filing of this complaint, and thereafter continued to infringe the patent. On information and belief, Defendant's infringement has been and continues to be willful.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), Gordium demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Gordium respectfully requests that this Court enter judgment for Gordium and against Defendant as follows:

A. An adjudication that Defendant has infringed the '385 Patent;

B. An award of damages to be paid by Defendant adequate to compensate Gordium for Defendant's past infringement of the '385 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An injunction ordering Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. An award of treble damages under 35 U.S.C. § 284;

F. An award to Gordium of such further relief at law or in equity as the Court deems just and proper.

Dated: August 28, 2013

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt # 5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Gordium Innovations LLC*